

**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

| | |
|---|---|
| *Robert C. Byrd United States Courthouse* | *Mailing Address* |
| *300 Virginia Street, East, Suite 4000* | *Post Office Box 1713* |
| *Charleston, WV 25301* | *Charleston, WV 25326-1713* |
| *Fax: (304) 347-5104* | *(304) 345-2200* |
| | *1-800-659-8726* |

FILED

APR - 5 2010

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

January 13, 2010

Dennis H. Curry, Esquire
P.O. Box 9
Spencer, WV  25276

     Re:  United States v. Collins A. Masese
         also known as "Collins A. Keanche"
         Criminal No. 2:09-00251 (USDC SDWV)

Dear Mr. Curry:

This will confirm our conversations with regard to your client, Collins A. Masese (hereinafter "Mr. Masese"). As a result of these conversations, it is agreed by and between the United States and Mr. Masese as follows:

1. **PENDING CHARGES**. Mr. Masese is charged in an eight-count indictment as follows:

> Count Eight charges Mr. Masese with a violation of 18 U.S.C. § 1956(h) (conspiracy to commit money laundering offenses).

2. **RESOLUTION OF CHARGES**. Mr. Masese will plead guilty to Count Eight of said indictment, which charges him with a violation of 18 U.S.C. § 1956(h).

3. **MAXIMUM POTENTIAL PENALTY**. The maximum penalty to which Mr. Masese will be exposed by virtue of this guilty plea is as follows:

(a)  Imprisonment for a period of 20 years;

(b)  A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

CAK(CAM)
Defendant's
initials

Dennis H. Curry
January 13, 2010
Page 2                              Re:  Collins A. Masese


    (c)   A term of supervised release of 3 years;

    (d)   A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

    (e)   An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664, or as otherwise set forth in this plea agreement; and

    (f)   The loss of certain valuable civil rights, possible deportation or other loss of immigration status.

    4.   **SPECIAL ASSESSMENT.**  Prior to the entry of a plea pursuant to this plea agreement, Mr. Masese will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number.  The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing.  Mr. Masese will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement.  If Mr. Masese fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement.  In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Masese.

    5.   **RESTITUTION.**  Notwithstanding the offense of conviction, Mr. Masese agrees that he owes restitution in an amount to be determined by the Court and agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible.  In aid of restitution, Mr. Masese further agrees as follows:

    (a)   Mr. Masese agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

CAK (CAM)
Defendant's
initials

Dennis H. Curry
January 13, 2010
Page 3                              Re:  Collins A. Masese


(b)  Mr. Masese will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c)  Mr. Masese agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d)  Mr. Masese agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e)  Mr. Masese agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $27,550.71. However, nothing in this provision is intended to preclude the Court from ordering Mr. Masese to pay a greater or lesser sum of restitution in accordance with law.


6.   **PAYMENT OF MONETARY PENALTIES.**  Mr. Masese agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States.  So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Masese further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.


CAK (CAM)
Defendant's
initials

Dennis H. Curry
January 13, 2010
Page 4                              Re:   Collins A. Masese


7.   **COOPERATION**.  Mr. Masese will be forthright and truthful
with this office and other law enforcement agencies with regard to
all inquiries made pursuant to this agreement, and will give
signed, sworn statements and grand jury and trial testimony upon
request of the United States.  In complying with this provision,
Mr. Masese may have counsel present except when appearing before a
grand jury.   Further, Mr. Masese agrees to be named as an
unindicted co-conspirator and unindicted aider and abettor, as
appropriate, in subsequent indictments or informations.

8.   **USE IMMUNITY**.  Unless this agreement becomes void due to
a violation of any of its terms by Mr. Masese, and except as
expressly provided for in paragraph 10 below, nothing contained in
any statement or testimony provided by Mr. Masese pursuant to this
agreement, or any evidence developed therefrom, will be used
against Mr. Masese, directly or indirectly, in any further criminal
prosecutions or in determining the applicable guideline range under
the Federal Sentencing Guidelines.

9.   **LIMITATIONS ON IMMUNITY**.   Nothing contained in this
agreement restricts the use of information obtained by the United
States from an independent, legitimate source, separate and apart
from any information and testimony provided pursuant to this
agreement, in determining the applicable guideline range or in
prosecuting Mr. Masese for any violations of federal or state laws.
The United States reserves the right to prosecute Mr. Masese for
perjury or false statement if such a situation should occur
pursuant to this agreement.

10.   **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.**
The United States and Mr. Masese stipulate and agree that the facts
comprising the offense of conviction and relevant conduct include
the facts outlined in the "Stipulation of Facts," a copy of which
is attached hereto as "Plea Agreement Exhibit A."

Mr. Masese agrees that if he withdraws from this agreement, or
this agreement is voided as a result of a breach of its terms by
Mr. Masese, and he is subsequently tried on any of the charges in
the indictment, the United States may use and introduce the
"Stipulation of Facts" in the United States case-in-chief, in
cross-examination of Mr. Masese or of any of his witnesses, or in



Defendant's
initials

Dennis H. Curry
January 13, 2010
Page 5                          Re:  Collins A. Masese


rebuttal of any testimony introduced by Mr. Masese or on his behalf.  Mr. Masese knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right Mr. Masese has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts.  If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Masese understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11.  **AGREEMENT ON SENTENCING GUIDELINES**.  Based on the foregoing Stipulation of Facts, the United States and Mr. Masese agree that the following provisions of the United States Sentencing Guidelines apply to this case.

<u>Count Eight of the Indictment</u>:

Base Offense Level

     USSG §2S1.1(A)(2)                                 8

     USSG §2B1.1(b)(1)(C)(value of the funds
      laundered $27,550.71)                        + 4

Specific Offense Characteristics

     Conviction under 18 U.S.C. § 1956           + 2


Adjusted Offense Level                              14

There is no agreement between the parties regarding the provision of USSG §2S1.1(b)(3).



CAK (CAM)
Defendant's
initials

Dennis H. Curry
January 13, 2010
Page 6                              Re:   Collins A. Masese

    The United States and Mr. Masese acknowledge and understand
that the Court and the Probation Office are not bound by the
parties' calculation of the United States Sentencing Guidelines set
forth above and that the parties shall not have the right to
withdraw from the plea agreement due to a disagreement with the
Court's calculation of the appropriate guideline range.

    12.  **WAIVER OF APPEAL AND COLLATERAL ATTACK.**  The parties
reserve the right to appeal the District Court's determination of
the adjusted offense level, prior to consideration of acceptance of
responsibility, if the District Court's determination differs from
that stated in paragraph Mr. Masese above. Nonetheless, Mr. Masese
knowingly and voluntarily waives Mr. Masese right to seek appellate
review of any sentence of imprisonment or fine imposed by the
District Court, or the manner in which the sentence was determined,
on any other ground whatsoever including any ground set forth in 18
U.S.C. § 3742, so long as that sentence of imprisonment or fine is
below or within the Sentencing Guideline range corresponding to
offense level 14.  The United States also waives its right to seek
appellate review of any sentence of imprisonment or fine imposed by
the District Court, or the manner in which the sentence was
determined, on any other ground whatsoever including any ground set
forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment
or fine is within or above the Sentencing Guideline range
corresponding to offense level 12.

    Mr. Masese also knowingly and voluntarily waives the right to
challenge Mr. Masese guilty plea and his conviction resulting from
this plea agreement, and any sentence imposed for the conviction,
in any collateral attack, including but not limited to a motion
brought under 28 U.S.C. § 2255.

    The waivers noted above shall not apply to a post-conviction
collateral attack or direct appeal based on a claim of ineffective
assistance of counsel.

    13.  **WAIVER OF FOIA AND PRIVACY RIGHT.**  Mr. Masese knowingly
and voluntarily waives all rights, whether asserted directly or by
a representative, to request or receive from any department or
agency of the United States any records pertaining to the
investigation or prosecution of this case, including without any

CAK (CAM)
Defendant's
initials

Dennis H. Curry
January 13, 2010
Page 7                           Re:   Collins A. Masese


limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14.   **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence.  The United States reserves the right to:

(a)   Inform the Probation Office and the Court of all relevant facts and conduct;

(b)   Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c)   Respond to questions raised by the Court;

(d)   Correct inaccuracies or inadequacies in the presentence report;

(e)   Respond to statements made to the Court by or on behalf of Mr. Masese;

(f)   Advise the Court concerning the nature and extent of Mr. Masese's cooperation; and

(g)   Address the Court regarding the issue of Mr. Masese's acceptance of responsibility.

15.   **VOIDING OF AGREEMENT.**  If either the United States or Mr. Masese violates the terms of this agreement, the other party will have the right to void this agreement.  If the Court refuses to accept this agreement, it shall be void.

16.   **ENTIRETY OF AGREEMENT.**  This written agreement constitutes the entire agreement between the United States and Mr. Masese in this matter.  There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Masese in any Court other than the United States District Court for the Southern District of West Virginia.


CAK (CAM)
Defendant's
initials

Dennis H. Curry
January 13, 2010
Page 8                                    Re:  Collins A. Masese


       Acknowledged and agreed to on behalf of the United States:

                              CHARLES T. MILLER
                              United States Attorney

                    By:  _____
                              SUSAN M. ROBINSON
                              Assistant United States Attorney

SMR/das

I hereby acknowledge by my initials at the bottom of each of the
foregoing pages and by my signature on the last page of this eight-
page agreement that I have read and carefully discussed every part
of it with my attorney, that I understand the terms of this
agreement, and that I voluntarily agree to those terms and
conditions set forth in the agreement.  I further acknowledge that
my attorney has advised me of my rights, possible defenses, the
Sentencing Guideline provisions, and the consequences of entering
into this agreement, that no promises or inducements have been made
to me other than those in this agreement, and that no one has
threatened me or forced me in any way to enter into this agreement.
Finally, I am satisfied with the representation of my attorney in
this matter.



_____        _____
COLLINS A. MASESE                        Date Signed
Defendant

_____        _____
DENNIS H. CURRY                          Date Signed
Counsel for Defendant


                                         CAK (CAM)
                                         Defendant's
                                         initials

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:09-00251

COLLINS A. MASESE
        also known as "Collins A. Keanche"

STIPULATION OF FACTS

The United States and defendant Collins A. Masese (hereinafter Mr. Masese) stipulate and agree that the facts comprising the offense of conviction and relevant conduct as to Count Eight in the Indictment in the Southern District of West Virginia, Criminal No. 2:09-00251, include the following.  The United States and Mr. Masese also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this case proceeded to trial.

1. During all relevant times the State of West Virginia and its departments, agencies  and subdivisions  contracted with vendors to provide goods and services to the State of West Virginia.  Payments to vendors for the goods and services were processed by the  West Virginia State Auditor's Office through its office located in Charleston, West Virginia.

2. During all relevant times, Deloitte Consulting, LLP, doing business throughout the United States, was a vendor of the State of West Virginia under contract with the West Virginia Department

of Health and Human Resources ("DHHR") to operate its public welfare data systems.  In the usual course of business, Deloitte Consulting, LLP received payment from the State of West Virginia by mail.

3.    During all relevant times, TCF Bank located in Minneapolis, Minnesota was a financial institution as defined in 31 U.S.C. § 5312(a)(2), which was engaged in, and the activities of which affected interstate commerce.

4.    On or about February 19, 2009, the West Virginia State Auditor received through U.S. Mail a fraudulent "Company eVendor Agreement" requesting the West Virginia State Auditor's Office to change the method of payment to Deloitte Consulting LLP from U.S. Mail to direct deposit by Automated Clearing House (ACH) to a fraudulent bank account number xxxxxx9204 established at TCF Bank in Minnesota on or about January 26, 2009.

5.   On or about March 20, 2009, at or near Charleston West Virginia, the State of West Virginia caused by electronic communication the transfer via an ACH transaction $919,916, in United States Currency to account number XXXXXX9204 at TCF Bank. The money represented a legitimate payment to Deloitte Consulting, LLP for services provided to DHHR, which payment was fraudulently diverted to TCF bank account number XXXXXX9204.

6.    On or about March 31, 2009, Angella Chegge-Kraszeski and Michael Ochenge issued a check on the fraudulent Deloitte account

2

at TCF Bank account number xxxxxx9204 in the amount of $70,082.26 in the name of Christina Clay. Thereafter, this cashier's check was used to purchase two official bank checks, one of which was Official Check No. 100193882 in the amount of $27,550.71 made payable to James Mwangi which cashier's check remained in the possession of Michael Ochenge. The $27,550.71 constituted proceeds of a specified unlawful activity.

7. On or about mid April 2009, Mr. Masese accompanied Michael Ochenge to a location in or near Minneapolis, Minnesota where Mr. Masese's photograph was taken for the purpose of creating fraudulent identification. Thereafter, Michael Ochenge provided Mr. Masese with fake identification documents including a California Driver's license, bearing Mr. Masese's photograph, with the name of James Mwangi and a fraudulent social security card in the name of James Mwangi.

8. At the direction of and in concert with Michael Ochenge, on April 23, 2009, Mr. Masese, using the false James Mwangi identification documents, opened a fraudulent bank account at branch location of TCF Bank, Eden Praire, MN in the name of James Mwangi. Mr. Masese was to receive payment from Michael Ochenge for setting up and verifying the fraudulent James Mwangi bank account.

9. Thereafter, Mr. Masese conducted transactions in a small dollar amount in the James Mwangi account for the purpose of testing the account to see if it was an active account before

attempting to conduct further transactions with larger dollar amounts involving fraudulent money.

10.   On or about May 13, 2009, Mr. Masese accompanied Michael Ochenge to TCF Bank to for the purpose of verifying a social security card on the account, so that official check no. 100193882 could be negotiated.

11.   At the time Mr. Masese engaged in the aforementioned conduct, he knew that Michael Ochenge and others were involved in a fraudulent schemes and that fraudulent bank accounts were established to hide proceeds of the fraud and to provide a means for the schemers to get access to the funds.  Mr. Masese further knew that some of the funds were sent to Kenya and other funds would be withdrawn and kept by the participants in the scheme. Specifically, at the time he entered into the agreement with Michael Ochenge to establish a fraudulent bank account for the payment of money, Mr. Masese knew that the fraudulent bank account was established to receive the proceeds of some form of unlawful activity for the purpose, at least in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of the unlawful activity.

This Statement of Facts does not contain each and every fact known to Mr. Masese and to the United States concerning Mr. Masese's involvement and the involvement of others in the commission of the offense to which Mr. Masese is charged and in

4

other offenses, and is set forth for the limited purpose of establishing a factual basis for the guilty plea.

Stipulated and agreed to:


_____          ____2/3/10____
COLLINS A. MASESE                          Date
Defendant


_____          ____2/3/10____
DENNIS H. CURRY                            Date
Counsel for Defendant


_____          ____2-3-10____
SUSAN M. ROBINSON                          Date
Assistant United States Attorney


**PLEA AGREEMENT EXHIBIT A**